Greg Adler, SBN 234142
Greg Adler P.C.
39899 Balentine Drive Suite 200
Newark, CA 94560
Phone: (844) 504-6587
Fax: (469) 807-8878
Email: greg@adler.law

Attorney for Plaintiff Jonathan Correll and the Proposed Classes

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CORRELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., and DOES 1-10,<br><br>Defendant. | Case No.   '21 CV1833 BTM MDD<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:**<br><br>**Violation of California Civil Code Sections 51 and 51.5**<br><br>**CLASS ACTION** |

Plaintiff Jonathan Correll, on behalf of himself and all others similarly situated, brings the following allegations against Defendant Amazon.com, Inc. ("Amazon"):

## NATURE AND BASIS OF UNEQUAL TREATMENT AND DISCRIMINATION CLAIMS

1.     If Amazon created a situation where buyers could log into their accounts and check a few boxes so products sold by heterosexual White males were highlighted and appeared at the top of the buyers' search results, there would be cries of homophobia, racism, and sexism.  And it would be just as heterophobic, racist, and sexist if the situation were reversed and buyers could check a few boxes so their search

results highlighted and preferred products sold by everyone except straight White male sellers.  But this is exactly what Amazon has been brazenly and unabashedly doing for some time.

2.     If Amazon had entire sections of its website devoted to showcasing, promoting, and increasing the visibility of straight White male sellers, the general public, especially equal rights activists, would not merely bristle with indignation, they would be up in arms, and rightfully so.  And it would be just as abhorrent if the situation were reversed and Amazon had entire sections of its website devoted to showcasing, promoting, and increasing the visibility of everyone except straight White male sellers. Yet Amazon has actually been openly and proudly doing the latter now for at least several months.

3.     If Amazon created programs that gave financial assistance, mentorship, and marketing and promotional support to only straight White male sellers, the general public, especially equal rights advocates, would be furious, and understandably so.  And it would be just as infuriatingly racist to give financial assistance, mentorship, and marketing and promotional support to sellers of only one race and not the others.  Yet Amazon has been openly and proudly doing that too.

4.     And all women, including transgender women, as well as non-binary persons wanting to sell their products on Amazon, would be justifiably offended if Amazon only created sections of its website devoted to promoting products sold exclusively by male sellers.  But Amazon created sections of its website devoted to promoting products sold exclusively by female sellers, which is just as offensive to male, including transgender male, and non-binary sellers.

5.     Amazon has blatantly created, advertised, marketed, and employed several race-, sex-, and LGBT status-based policies and programs for its website that entice, steer, and direct consumers away from Amazon's disfavored sellers who are, or who are majority-owned by, heterosexual people, White people, and males (but especially heterosexual White males), and towards Amazon's preferred and privileged sellers who

are LGBT, Black, Hispanic, Asian-American, Native American, Pacific Islander American, and/or female.

6. Amazon's sexist policies and programs deny full and equal accommodations, advantages, facilities, privileges, or services to sellers who unfortunately are male, non-binary, or transgender men. For example, on the Main Menu of Amazon's home page, under Programs & Features, Small & Medium Businesses, Amazon created a link for customers called "Discover Women-Owned Businesses." [Exh. 1.] This Amazon link takes the user to a page that showcases sellers who are, or seller entities majority-owned by, women. [Exh. 2.] Amazon created this separate page to cater to the preferences of customers who want to do business with only women and not with men, non-binary persons, or transgender men. Amazon does not provide a link for the consumers – whether they be male, female, or non-binary – to discover Amazon's disfavored male, non-binary, or transgender male sellers. A webpage that promotes, highlights, showcases, or otherwise increases the visibility of sellers and their products based solely on their female sex denies equal accommodations, advantages, facilities, privileges, or services to non-female sellers, or at least aids in the boycotting, blacklisting, refusal to buy from, or refusal to contract or trade with, any person who is not female, is sexist. And such a sex-based business practice is contrary to the State of California's strong public policy to eradicate sex discrimination, partly evidenced in the State's many anti-discrimination statutes, including California Civil Code sections 51 (the codification of the Unruh Civil Rights Act) and 51.5, violations of which are alleged in this Complaint.

7. From Amazon's Discover Women-Owned Businesses page, a user can select "Meet the Business Owners," which then gives the user the option to select "Black-Owned." [Exh. 3.] This takes the user to a page that reads "Shop products from Black-owned small businesses" and lists countless thousands of consumer products – everything from shower curtains and cell phone chargers to exercise equipment and bottled water – all of which are sold exclusively by sellers Amazon has determined are

Black.   [Exh.   4,   https://www.amazon.com/gcx/Black-Owned-Small-Businesses/gfhz/events/ref=s9_acss_bw_cg_SBP_2d1_w?categoryId=small-business-event&ref=sbp_01_bhm_bblcat_bo&pf_rd_m=ATVPDKIKX0DER&pf_rd_s=merchandised-search-5&pf_rd_r=S9JGQFRAZ2050D8HPECQ&pf_rd_t=101&pf_rd_p=aa3bd0fb-e290-424c-b8c7-923080100086&pf_rd_i=21429428011, last visited October 19, 2021.]  On the "Meet the Business Owners" page, there are no links to products listed for sale by sellers of any other races.   A webpage that promotes, highlights, showcases, or otherwise increases the visibility of sellers and their products based solely on their race, and denies equal accommodations, advantages, facilities, privileges, or services to members of other races, is racist and violates California Civil Code sections 51 and 51.5

8.   Amazon has a section of its website called "Minority Report."  [Exh. 5, amazon.com/shop/minorityreporttvshow, last visited October 19, 2021.]  It features on an ongoing basis a list of thousands of consumer products being sold on Amazon by Black-owned businesses.  On this "Minority Report" section of Amazon's website, there are several subcategories: Men's Clothing, Women's Clothing, skin care, etc.  Two of the subcategories are titled "Misc. BOB ['Black Owned Business'] Products" and "Buy Black," pages that list everything from cosmetics and candles, to supplements, tea, books, food, kitchenware, toothpaste, and jewelry, all sold exclusively by Black sellers.  [Exh. 6.]  There is no equal webpage, section of Amazon's website, or program for sellers of other racial groups, i.e., there is no "Buy Latinx," "Buy Native American," "Buy Asian," or "Buy Caucasian" page.   A webpage that promotes, highlights, showcases, or otherwise increases the visibility of sellers and their products based solely on their race, and denies equal accommodations, advantages, facilities, privileges, or services to members of every other race, is racist and violates California Civil Code sections 51 and 51.5.

9.   Amazon has an additional "Buy Black" page on its website.  [Exh. 7, https://www.amazon.com/gcx/Buy-Black:-Black-History-

Month/gfhz/events/ref=sxts_snps_0_0_230b70e9-0194-444e-8905-465dd16645a2?ots=1&slotNum=0&imprToken=ecbe4dbe-e8bb-91a9-64d&tag=advancesilive-20&linkCode=w50&categoryId=black-history-month&pd_rd_r=52aa315c-a98a-40a9-af96-05e170e76f17&pd_rd_w=wS5dI&pd_rd_wg=8Wd2S&pf_rd_p=230b70e9-0194-444e-8905-465dd16645a2&pf_rd_r=NQPN6BSRDEN3ZK63C91S&qid=1613594222&scrollState=eyJpdGVtSW5kZXgiOjAsInNjcm9sbE9mZnNldCI6NTk3LjM1OTM3NX0%3D&sectionManagerState=eyJzZWN0aW9uVHlwZVluZEluZGV4Ijp7fX0%3D, last visited October 19, 2021.]  Amazon initiated this "Buy Black" campaign during Black History Month in February 2021 and the page has remained active months later, into at least October 2021.  This "Buy Black" page on Amazon's website lists thousands of consumer products such as tea, HDMI cables, cloth face masks, and shoelaces, sold exclusively by Black sellers.  There is no equal webpage, section of Amazon's website, or program for sellers of other racial groups, i.e., there is no "Buy Latinx," "Buy Native American," "Buy Asian," or "Buy Caucasian" page.  A webpage that promotes, highlights, showcases, or otherwise increases the visibility of sellers and their products based solely on their race, and denies equal accommodations, advantages, facilities, privileges, or services to members of every other race, is racist and violates California Civil Code sections 51 and 51.5.

10.   Perhaps the most brazen example of Amazon's racist programs is Amazon's Black Business Accelerator program. [Exh. 8, https://sell.amazon.com/programs/black-business-accelerator, last visited October 19, 2021.]  The program offers valuable business benefits to only Black sellers - no matter their wealth or success in business - and is advertised as follows:

**Financial assistance**
Access services and grants to help jump-start business growth and customer acquisition. Opportunities include:

- **$500** credit to assist with start-up and operational costs for eligible newly-launched sellers.

- **$400** in Sponsored Products advertising credits to increase exposure for your business.

- **FREE** imaging services for up to 50 products to help showcase your products.

- **Cash grant opportunities** for select sellers, offered in partnership with Hello Alice, an organization dedicated to helping entrepreneurs launch and grow their businesses. Sign up for alerts.

**Business education & mentorship**
Access a minimum of one year of strategic advisory services to get the coaching, training, and insights you need to take your business to the next level. Connect with a dedicated network of business mentors, including Amazon experts and small business thought leaders, to continue to accelerate your business growth.

**Marketing & promotional support**
Access new opportunities to be featured in the Black-owned business storefronts for Amazon retail customers and Amazon Business customers and promotions featuring Black-owned businesses that will help customers find products from your business throughout the shopping experience.

**Who can sign up for Amazon's Black Business Accelerator?**
All sellers in the U.S. who a) have an Amazon Professional Sellers account, b) have a physical product(s) ready to promote and sell, and c) have uploaded a valid minority-owned business registration or certification to their account in Seller Central from the National Minority Supplier Development Council, U.S. System for Award Management, U.S. Small Business Administration, or Supplier GATEWAY, demonstrating the business is Black-owned based on the criteria of the certifying body, can sign up for Amazon's Black Business Accelerator.

These accommodations, advantages, facilities, privileges, or services are not available to sellers who are members of other races.  In fact, Amazon openly prohibits sellers of

other racial groups, such as Hispanics, Asians, American Indians, or Caucasians from even applying for Amazon's exclusive Black Business Accelerator.  A program that provides financial assistance, business education and mentorship, and marketing and promotional support to sellers of one race, and denies equal accommodations, advantages, facilities, privileges, or services to members of every other race, is racist and violates California Civil Code sections 51 and 51.5.

11.    In apparent temporary recognition of Hispanic Heritage Month from September 15-October 15, 2021, Amazon placed a link titled "A Hispanic Celebration" on its homepage in the upper right-hand corner. [Exh. 9.] That link takes the user to a page where the headline reads "Shop Hispanic & Latino Goods; Choose from a selection of top sellers and Hispanic-owned brands."  The page contains countless thousands of consumer products such as hair conditioner, wine glasses, nail polish, and Frito-Lay chips, all of which are sold exclusively by sellers Amazon has determined are Hispanic.  The products are not listed on this page because the nature of the products are inherently Hispanic, e.g. items that would be found in the Hispanic foods section at a supermarket, but instead are listed on this page solely because of the race of the sellers. There are no links on this webpage to products listed for sale by sellers who are members of any other races, such as Blacks, Asians, American Indians, or Caucasians. A webpage that promotes, highlights, showcases, or otherwise increases the visibility of sellers and their products based solely on their race, and denies equal accommodations, advantages, facilities, privileges, or services to members of every other race, is racist and violates California Civil Code sections 51 and 51.5.

12.    Amazon reserves its worst discrimination and distaste for heterosexual White males. This, despite the fact that on its website Amazon trumpets, "Diversity, equity, and inclusion are good for business—and more fundamentally—simply right." Amazon's purported commitment to diversity, equity, and inclusion is more virtue-signaling than reality because Amazon's heterophobic, racist, and sexist policies and programs are anything but diverse, equitable, and inclusive regarding sellers who are

heterosexual White males, or business entities that are majority-owned by heterosexual White males.

13.    Only Amazon sellers with the preferred and privileged LGBT status, race, or sex, such as lesbians, gays, bisexuals, transgenders, Blacks, Hispanics, Asian-Americans, Native Americans, Pacific Islander Americans, and women – but not straight White guys – are eligible for Amazon's Seller Certification program and Guided Buying policy.

14.    An Amazon Seller Certification is a seller attribute recognized by Amazon based on certifications issued by the government or other standard-defining organizations approved by Amazon. Amazon's Seller Certification program recognizes the following certifications relating to a person's LGBT status, race, or sex:

- LGBT Business Enterprise
- Minority-Owned Business
- Women-Owned Business Enterprise
- Woman-Owned Small Business
- Economically Disadvantaged Women-Owned Small Business

15.    Amazon Seller Certifications allow sellers to display on the sellers' product listing page one or more of the sellers' certifications such as LGBT status, race, or sex certifications.  These certifications are seen by Amazon Business customers on the Amazon website.  Amazon also uses these certifications "to promote diverse sellers to all Amazon customers," meaning the race-, sex- and sexual orientation-based preferences and promotions are not limited to business-to-business transactions, but permeate         Amazon's         entire         website.         (See https://sellercentral.amazon.com/gp/help/external/help.html?itemID=201649850&language=en_US&ref=efph_201649850_relt_201649830, last visited October 19, 2021.)

16.    These certifications create an environment wherein buyers are encouraged, directed, and enabled to select only those sellers based on certain otherwise legally protected personal characteristics such as LGBT status, race, and sex, who the buyers

prefer to buy from and contract and transact business with based on the sellers' LGBT status, race, or sex.  This at least aids, incites, and/or facilitates the efforts of buyers, including prejudiced and bigoted buyers, who prefer doing business with only sellers who are LGBT, Black, Hispanic, Asian-American, Native American, Pacific Islander American, or female, and at least aids, incites, and/or facilitates the efforts of buyers, including prejudiced and bigoted buyers, who want to boycott or blacklist, not contract or trade with, not buy from, and otherwise not do business with sellers who are heterosexual, White, or male, or any combination thereof.

17.   Amazon's Guided Buying policy encourages, enables, and allows businesses to guide and direct their employees to buy from only certified sellers such as LGBT-owned, minority-owned, or women-owned businesses.   Amazon accomplishes this through an interface that allows Business Account administrators to check boxes for the types of seller certifications they prefer, which highlights search results for products from only those sellers who have those certifications.  In other words, Amazon gives priority and preference to those sellers of the preferred and privileged race, sex, and/or LGBT status by highlighting the products sold by those sellers in search results and pushing those sellers' products to the top of the search result list.  [Exh. 10.]

18.   For example, Amazon's Seller Certification program and Guided Buying policy encourage, enable, and allow Amazon Business buyers to check a box so that searches for products on Amazon's website return highlighted, preferred search results from sellers who are certified Minority-Owned Businesses, such as the search results for outdoor light timers sold by "certified minority-owned business" S&F Corporation. [Exh. 11.]   According to Indeed.com (https://www.indeed.com/cmp/S&F-Corporation/reviews?fcountry=US&floc=Woodbury%2C+MN) and Dun & Bradstreet (https://www.dnb.com/business-directory/company-profiles.sf_corporation.849c05191085ef830126c9f7761cd997.html),   S&F Corporation, the seller of the items in Exhibit 11, is an Asian-owned business with

annual revenues of $23 million dollars. Therefore, a buyer who checks the box for "Minority-Owned Business" in their user interface and searches for these outdoor light timers will receive search results from Amazon highlighting products sold by this $23 million seller solely because Amazon has determined this well-heeled seller is a minority. However, if the seller had the misfortune of being born White and was selling the exact same product, that White seller's listing would appear further down in the search results and would not be given any highlights or preferences. Similar results occur when the buyer checks boxes in the user interface for LGBT-Owned business or Woman-Owned Business, i.e., products sold by Amazon's disfavored heterosexual or male sellers, respectively, would receive no highlights or preferences in the search results and their products would be listed further down in the list of search results. A system created to encourage and enable buyers to choose who they do business with based on sellers' race, sex, or LGBT status is abhorrent and violates a host of California's anti-discrimination laws, and perhaps other states' similar anti-discrimination laws.

19. The foregoing policies, programs, practices, and promotions provide preferential accommodations, advantages, facilities, privileges, and/or services to only those whom Amazon prefers based on their LGBT status, race, or sex – no matter their wealth or business acumen or success. The following list of highly successful and wildly wealthy businesspersons would exclusively benefit from Amazon's foregoing LGBT-status-, race-, and sex-based policies, programs, and practices, and helps illustrate the absurdity and irrationality of these discriminatory practices:

- Openly transgender Jennifer Pritzker, Hyatt hotel heiress with a net worth of $2 billion; David Geffen, the gay co-founder of DreamWorks, who is worth $9.9 billion; according to Forbes; and Apple CEO Tim Cook who is also gay and whose net worth is $1.3 billion according to Forbes.

- Jensen Huang, ranked in the world's top 100 wealthiest people by Forbes with a net worth of $20.8 billion; Black American businessman David

Stewart, majority owner of Worldwide Technology, worth an estimated $11.2 billion; Basketball legend Michael Jordan, worth $1.9 billion; and Oprah Winfrey, worth an estimated $2.7 billion.

- Alice Walton, daughter of Wal-Mart founder Sam Walton, whose net worth is $61.8 billion; MacKenzie Bezos, ex-wife of Amazon founder Jeff Bezos, whose net worth is an estimated $52 billion; and Meg Whitman, former CEO of eBay, who is worth an estimated $6.7 billion.

20.     Shockingly, Amazon has created a business practice wherein a White male billionaire would qualify for Amazon's Seller Certification program and Guided Buying policy so long as he is also gay (e.g., DreamWorks' David Geffen or Apple CEO Tim Cook); a heterosexual male billionaire would qualify as a Minority-Owned Business if he was a person of color (e.g., computer chips magnate Jensen Huang or basketball legend Michael Jordan)); and a heterosexual White billionaire would qualify as a Woman-Owned Business Enterprise if the person was female (e.g., MacKenzie Bezos or Meg Whitman.)

21.     Therefore, by being lucky enough to possess any one of Amazon's preferred personal characteristics, these LGBT, minority, or female billionaires would qualify for Amazon's above-referenced policy and program and be eligible for all of the related exclusive benefits, but under no circumstances could a heterosexual White male qualify for the program based on Amazon's LGBT, race, or sex criteria, even if he is a person of humble, unprivileged means who is simply trying to earn an income to support his family.  Such a result is heterophobic, racist, sexist, abhorrent, and illegal, all in one.   This type of disparate treatment based on generalizations about an individual's sexual orientation and/or LGBT status, race, or sex, instead of being based on an individual's character, abilities, or capabilities, is precisely the type of behavior anti-discrimination laws were enacted to interdict.

22.     Amazon charges monthly and transactional fees to be an Amazon Business seller. Amazon then offers those Business sellers the option to advertise with sponsored

ads.  Amazon's website reads, "What are Sponsored Products?  Sponsored Products are keyword- or product-targeted ads that promote your individual listings and appear in the shopping results and on product detail pages on Amazon," and goes on to ask and answer, "Why should I use Sponsored Products? Sponsored Products can help you increase visibility and sales of your products by displaying ads when shoppers are looking for products like yours. There are no monthly fees; you pay only when shoppers click your ad, which takes them to the product detail page where your offer is listed.  Consider using Sponsored Products for product visibility, new offers, unique selections, offers with low glance views, clearance items, and seasonal promotions." Amazon's website continues with, "Where will my ads be displayed?  Sponsored Products may be displayed on top of, alongside, or within shopping results.  Ads may appear on both desktop and mobile."  Amazon's website lastly asks and answers, "What is CPC advertising?  Cost-per-click advertising is a type of paid advertising where ads display at no charge – ad impressions, or views, are free – and the advertiser is charged only when customers click the add.  Sponsored ads, such as Sponsored Products and Sponsored Brands, run on the CPC model."  [https://sell.amazon.com/advertising, last visited October 19, 2021.]  Essentially, Amazon charges sellers advertising fees to increase the visibility of the sellers' products in search results on Amazon's website.  Amazon profits mightily from the increased visibility service it markets to sellers.  Yet Amazon offers its increased visibility service to LGBT persons, businesses owned by members of certain preferred races, and female sellers for free by highlighting and showcasing their products and seller pages without charging the sellers any extra advertising or cost-per-click fees.  This results in a valuable increase in visibility to potential buyers – free advertising worth millions of dollars to certain preferred and privileged sellers – but not to sellers who have the misfortune of being heterosexual White males.

23.    Amazon, through its "Discover Women-Owned Businesses" webpage, denies full and equal accommodations, advantages, facilities, privileges, or services to

sellers who are, or who are majority-owned by, non-females (males such as Plaintiff and non-binary persons), in violation of California Civil Code section 51, which is the codification of California's Unruh Civil Rights Act.

24. Amazon, through its "Discover Women-Owned Businesses" webpage, discriminates against, boycotts, blacklists, and refuses to contract or trade with men and non-binary persons in violation of California Civil Code section 51.5.

25. Amazon, through its "Meet the Business Owners/Black-Owned" webpages, denies full and equal accommodations, advantages, facilities, privileges, or services to sellers who are, or who are majority-owned by, non-Black people such as Plaintiff, in violation of California Civil Code section 51.

26. Amazon, through its "Meet the Business Owners/Black-Owned" webpages, discriminates against, boycotts, blacklists, and refuses to contract or trade with non-Black people in violation of California Civil Code section 51.5.

27. Amazon, through its "Minority Report feat. Black Owned Businesses," "Misc. BOB Products," and "Buy Black" webpages, denies full and equal accommodations, advantages, facilities, privileges, or services to sellers who are, or who are majority-owned by, non-Black people such as Plaintiff, in violation of California Civil Code section 51.

28. Amazon, through its "Minority Report feat. Black Owned Businesses," "Misc. BOB Products," and "Buy Black" webpages, discriminates against, boycotts, blacklists, and refuses to contract or trade with non-Black people in violation of California Civil Code section 51.5.

29. Amazon, through its Black Business Accelerator program, denies full and equal accommodations, advantages, facilities, privileges, or services to sellers who are, or who are majority-owned by, non-Black people such as Plaintiff, in violation of California Civil Code section 51.

30. Amazon, through its Black Business Accelerator program, discriminates against, boycotts, blacklists, and refuses to contract or trade with non-Black people in

violation of California Civil Code section 51.5.

31.     Amazon, through its "A Hispanic Celebration" webpage, denies full and equal accommodations, advantages, facilities, privileges, or services to sellers who are, or who are majority-owned by, non-Hispanic people such as Plaintiff, in violation of California Civil Code section 51.

32.     Amazon, through its "A Hispanic Celebration" webpage, discriminates against, boycotts, blacklists, and refuses to contract or trade with non-Hispanic people in violation of California Civil Code section 51.5.

33.     Amazon, through its Seller Certification program and Guided Buying policy, denies full and equal accommodations, advantages, facilities, privileges, or services to sellers who are, or who are majority-owned by, heterosexual White males such as Plaintiff, in violation of California Civil Code section 51.

34.     Amazon, through its Seller Certification program and Guided Buying policy, discriminates against, boycotts, blacklists, and refuses to contract or trade with straight White men in violation of California Civil Code section 51.5.

35.     Moreover, at a minimum, Amazon at least aids or incites the denial of the rights secured by Civil Code sections 51 and 51.5 by creating, promoting, marketing, and employing the above-referenced webpages, programs, policies, and practices, including those that allow buyers to discriminate against, distinguish between, boycott, blacklist, and refuse to contract or trade with heterosexual White males.

36.     Amazon has created, advertised, marketed, and employed its LGBT status-based, race-based, and sex-based Seller Certification program and Guided Buying policy to increase business and, thereby, profits.

37.     In the summer and fall of 2021, Plaintiff, who is a heterosexual White male, visited Defendant's Amazon.com website with the intent to become an Amazon seller, and encountered the above-referenced webpages and programs, including Amazon's Seller Certification program and Guided Buying policy terms or conditions, all of which denied him and other heterosexual White males full and equal access to

Amazon's services based on LGBT status, race, and sex.

38.     By prohibiting Plaintiff from participating in Amazon's Seller Certification program and Guided Buying policy based on the Plaintiff and the proposed class's LGBT status, race, and sex, Defendant Amazon.com, Inc. has been violating California's Civil Code sections 51 and 51.5.

39.     California Civil Code section 51 provides, in pertinent part, the following:

(a) This section shall be known, and may be cited, as the Unruh Civil Rights Act.

(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code section 51.5 reads, in pertinent part, as follows:

(a) No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers, because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics.

Civil Code section 52 provides the remedies for violations of Civil Code sections 51 and 51.5, and reads, in pertinent part, as follows:

(a) Whoever denies, aids or incites a denial, or makes any discrimination or

distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

40.    Amazon's above-referenced LGBT status-based, race-based, and sex-based Seller Certification program and Guided Buying policy has (1) caused discontent, divisiveness, animosity, harm, resentment, and envy among Amazon sellers and prospective Amazon sellers, (2) constituted intentional, arbitrary, unreasonable, and/or invidious discrimination, (3) applied and employed prohibited class-based generalizations and stereotypes about both the disfavored heterosexual White male sellers and Amazon's preferred lesbian, gay, bisexual, transgender, Black, Hispanic, Asian, Native American, Pacific Islander American, and female sellers, and (4) contravened the State of California's historical effort and strong public policy, as evidenced in part by Civil Code sections 51 and 51.5, to eradicate discrimination based on protected personal characteristics.  It also violated Amazon's own much-publicized and touted commitment to diversity and inclusion, found at https://www.aboutamazon.com/workplace/diversity-inclusion, which reads as follows:

> We are a company of builders who bring varying backgrounds, ideas, and points of view to inventing on behalf of our customers. Our diverse perspectives come from many sources including gender, race, age, national origin, sexual orientation, culture, education, and professional and life experience. We are committed to diversity and inclusion and always look for ways to scale our impact as we grow.

41.    However, as at least evidenced by Amazon's LGBT status-based, race-based, and sex-based Seller Certification program and Guided Buying policy with their

16

divisive and restrictive eligibility requirements, heterosexual White males have been and continue to be excluded from Amazon's supposed commitment to diversity and inclusion.

42.   By this action, Plaintiff and all others similarly situated, as defined in the below class definition, seek redress for Amazon's Guided Buying policy and Seller Certification program that have (1) denied and deprived heterosexual White males the full and equal accommodations, advantages, facilities, privileges, or services based on their sexual orientation, race, and sex in violation of Civil Code section 51, (2) discriminated against, boycotted, blacklisted, and refused to contract or trade with heterosexual White males based on their sexual orientation, race, and sex in violation of Civil Code section 51.5, (3) marginalized heterosexual White males, and (4) at least aided in this denial, deprivation, discrimination, distinction, and marginalization.

## **PARTIES**

43.   At all times relevant hereto, Plaintiff Jonathan Correll has been a heterosexual White male businessman residing in San Diego, California who visited Defendant Amazon.com, Inc.'s Amazon.com website in the summer and fall of 2021 with the intent to use Amazon's internet-based sales services to sell products on Amazon.com, when he encountered Amazon's above-referenced programs, policies, practice, promotions, and webpages, and their respective terms or conditions, that (1) denied him and other heterosexual White males full and equal access to Amazon's services based on sexual orientation, race, and sex, (2) caused or enabled Amazon to discriminate against, boycott, blacklist, and refuse to contract or trade with Mr. Correll and other heterosexual White males based on sexual orientation, race, and sex, (3) marginalized heterosexual White males, and (4) at least aided in this denial, deprivation, discrimination, distinction, and marginalization concerning heterosexual White males.

44.   At all times relevant hereto, Defendant Amazon.com, Inc. has been a Delaware-registered domestic corporation with its headquarters in the State of Washington and with operations in San Diego, California. Upon information and belief,

through Defendant's Amazon.com platform, Amazon dominates the online retail sales market, controlling between 50-70% of all online retail sales in the U.S. For many Americans, Amazon.com is overwhelmingly the first place they turn to buy something online.

45.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Amazon.com, Inc.," "Amazon," or "Defendant." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

46.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each and every defendant was acting as an agent and/or employee of each of the other Defendants, and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes, and thereon alleges, that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

47.     Unless otherwise alleged, whenever reference is made in this complaint to any act of "defendant," "defendants," or to a specifically named defendant such as "Amazon.com, Inc." or "Amazon," such allegation shall mean that each defendant acted individually and jointly with the other defendant named in the complaint.

48.     At all times mentioned herein, each and every defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

**JURISDICTION AND VENUE**

49.     Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California, Defendant is a citizen of the State of Washington, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, giving this Court jurisdiction.

50.     Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and (ii) Defendant conducted business within this judicial district at all times relevant.

51.     Because Defendant conducted business within the State of California at all times relevant, personal jurisdiction is established.

**CLASS ALLEGATIONS**

52.     Plaintiff brings this class action on his own behalf and on behalf of all other persons similarly situated under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) as follows:

     a.   All heterosexual White males who, while in California, (1) visited the Amazon.com website with the intent to use Amazon's internet-based sales services and encountered Amazon's Seller Certification program and Guided Buying policy terms or conditions that excluded heterosexual White males from the full and equal access to Amazon's Seller Certification program and Guided Buying policy services based on sexual orientation/LGBT status, race, and sex, or (2) have used or contracted with Amazon to sell or market their products on the Amazon.com website and were denied full and equal participation in or the benefits from Amazon's Seller Certification program and Guided Buying policy based on sexual orientation/LGBT status, race, and sex (collectively, the "Seller Certification Class") – collectively at any time from the period beginning on October 28, 2018 through the date of final judgment in this action.

b. All non-Black people who, while in California, (1) visited the Amazon.com website with the intent to use Amazon's internet-based sales services and encountered Amazon's "Black Business Accelerator" program and were denied full and equal participation in or the benefits from Amazon's "Black Business Accelerator" program based on race (collectively, the "Black Business Accelerator Class") at any time from the period beginning on October 28, 2018 through the date of final judgment in this action.

c. All non-Black people who, while in California, (1) visited the Amazon.com website with the intent to use Amazon's internet-based sales services and encountered Amazon's "Buy Black" or "Misc. BOB Products" program and were denied full and equal participation in or the benefits from Amazon's "Buy Black" or "Misc. BOB Products" program based on race (collectively, the "Buy Black Class.") at any time from the period beginning on October 28, 2018 through the date of final judgment in this action.

d. All non-female people who, while in California, (1) visited the Amazon.com website with the intent to use Amazon's internet-based sales services and encountered Amazon's "Discover Women-Owned Businesses" program and were denied full and equal participation in or the benefits from Amazon's "Discover Women-Owned Businesses" program based on sex (the "Non-female Class") at any time from the period beginning on October 28, 2018 through the date of final judgment in this action.

e. All non-Hispanic or non-Latino people who, while in California, (1) visited the Amazon.com website with the intent to use Amazon's internet-based sales services and encountered Amazon's "A Hispanic Celebration" program and were denied full and equal participation in

or the benefits from Amazon's "A Hispanic Celebration" program based on race (the "Non-Hispanic Class") at any time from the period beginning on October 28, 2018 through the date of final judgment in this action.

53. Not included in the Class are the following individuals and/or entities: Amazon and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Amazon has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; all judges and their staff members assigned to hear any aspect of this litigation, as well as such judges' immediate family members; and Plaintiff's counsel and anyone employed by Plaintiff's counsel.

54. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

55. This action has been brought and may properly be maintained pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (b)(3) for the below reasons.

56. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of Class members.

57. There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual members. Common questions include, for each class, among others: (1) Whether Amazon's LGBT status-based, race-based, and sex-based programs, policies, practices, and promotions described herein deprive Plaintiff and the Class of rights under California Civil Code sections 51 and 51.5; (2) whether Plaintiff and the Class suffered harm by reason of Amazon's unequal treatment of and discrimination against those who have intended to use or contract with Amazon to use the Amazon.com website, as well as those who have used the Amazon.com website to market or sell their products, based on LGBT status, race, and sex; (3) whether Plaintiff and the Class are entitled to statutory damages under California Civil Code section 52; (4) whether Plaintiff and the Class are entitled to

equitable and injunctive relief, and if so, what equitable and injunctive relief is warranted; and (5) the scope of permanent public injunctive relief that may result.

58.   Plaintiff's claims are typical of the claims of the Class because Amazon's programs, policies, practices, and promotions described herein have denied Plaintiff full and equal accommodations, advantages, facilities, privileges, and/or services, and have caused or enabled Amazon to discriminate against, boycott, blacklist, and/or refuse to contract or trade with Plaintiff on the basis of Plaintiff's sexual orientation or LGBT status, race, and sex. Furthermore, Amazon at least aided or incited the denial of the rights secured by Civil Code sections 51 and 51.5 by creating, promoting, and employing the programs, policies, practices, and promotions described herein that allow buyers to discriminate against, boycott, blacklist, and refuse to contract or trade with sellers on the basis of sexual orientation or LGBT status, race, and sex.  Each of these claims is substantially shared by every Class member. The unequal treatment and discrimination claims arise from the same course of conduct by Amazon, and the relief sought is common.

59.   Members of the Class are unlikely to be aware of their rights under Civil Code sections 51 and 51.5.

60.   Amazon has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

61.   Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no conflict with any Class Member. Plaintiff is committed to the goal of ending Amazon's systemic and institutional heterophobia, racism, and sexism by having Amazon change its business practices to stop discriminating against Plaintiff and others whom Amazon has denied full and equal accommodations, advantages, facilities, and privileges, and has discriminated against, boycotted, blacklisted, and/or refused to contract or trade with based on the Plaintiff and Class members' sexual orientation, race, and sex.

62.     Plaintiff has retained counsel competent and experienced in complex discrimination class actions, including class actions with causes of action for violating California Civil Code sections 51 and 51.5.

63.     The people affected by Amazon's unequal treatment is ascertainable through Amazon's company records and its website records, logs, and data and therefore the proposed class is ascertainable.

64.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) because Amazon has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory, equitable, and public injunctive relief with respect to Plaintiff and the Class as a whole. Amazon excludes members of the Class from participating in and benefitting from Amazon's above-referenced practices, programs, policies, or promotions due to the Class members' sexual orientation/LGBT status, race, and sex. The Class members are entitled to declaratory, equitable, and public injunctive relief to end Amazon's common, unfair, and unlawful, LGBT status-based, race-based, and sex-based discriminatory practices, programs, policies, or promotions.

65.     Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation since joinder of all members is impracticable. The Class members have been damaged and are entitled to recovery of statutory damages under California Civil Code section 52 because of Amazon's common, unfair, and unlawful, sexual orientation-based, race-based, and sex-based discriminatory practices, programs, or policies. This Complaint does not seek actual damages, but instead the mandatory minimum $4,000 in statutory damages for each and every offense pursuant to Civil Code section 52, and these statutory damages are readily capable of measurement on a class-wide basis. Plaintiff and the members of the Class will rely on common evidence to resolve their legal and factual questions,

including Amazon's applicable LGBT status or sexual orientation-based, race-based, and sex-based practices, programs, and policies in the relevant period. Amazon has been engaging in continuous, permanent, and substantial activity in California. There will be no undue difficulty in the management of this litigation as a class action.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members are likely to have little interest in individually controlling the prosecution of separate actions because the individual statutory damages claims of each Class member are not substantial enough to warrant the attorneys' fees and court costs associated with individual filings and prosecution of their individual claims. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

67.     Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendant, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

## FIRST CAUSE OF ACTION
### Violation Of The Unruh Civil Rights Act, California Civil Code Section 51

68.     Plaintiff incorporates in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

69.     Amazon is a "business establishment" within the meaning of California Civil Code 51.

70.     By intentionally denying Plaintiff and the Class full and equal accommodations, advantages, facilities, privileges, and/or services by denying Plaintiff and the Class access to and participation in Amazon's Seller Certification program and Guided Buying policy, and Amazon's other sexual orientation-, race-, and/or sex-based policies, programs, practices, or promotions discussed above, based on the Plaintiff and the Class members' sexual orientation/LGBT status, race, and sex, Amazon has been violating California's Unruh Civil Rights Act, which is codified as California Civil Code section 51.

71.     A substantial motivating reason for Amazon's conduct was the sexual orientation/LGBT status, race, and sex of Plaintiff and the Class.

72.     Amazon's denying Plaintiff and the Class access to and participation in Amazon's Seller Certification program and Guided Buying policy, and Amazon's other sexual orientation/ LGBT status-, race-, and/or sex-based policies, programs, practices, or promotions based on the Plaintiff and the Class members' sexual orientation, race, and sex, harmed and damaged Plaintiff and the Class.

73.     Amazon's denying Plaintiff and the Class access to and participation in Amazon's Seller Certification program and Guided Buying policy, and Amazon's other sexual orientation/ LGBT status-, race-, and/or sex-based policies, programs, practices, or promotions based on the Plaintiff and the Class members' sexual orientation/LGBT status, race, and sex was a substantial factor in causing harm and damages to Plaintiff and the Class.

74.     Pursuant to Civil Code section 52, Amazon is liable to Plaintiff and the members of the Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

75.     Pursuant to Civil Code section 52, public injunctive relief is necessary and appropriate to prevent Amazon from continuing and repeating its discriminatory actions as alleged above. Plaintiff is entitled to public injunctive relief on behalf of himself and the Class.

## SECOND CAUSE OF ACTION
### Violation Of California Civil Code Section 51.5

76.     Plaintiff incorporates in this cause of action the allegations contained in the preceding paragraphs of this Complaint as if they were set out in full herein.

77.     Amazon is a "business establishment" within the meaning of California Civil Code 51.5.

78.     By intentionally denying Plaintiff and the Class full and equal accommodations, advantages, facilities, privileges, and/or services by denying Plaintiff and the Class access to and participation in Amazon's Seller Certification program and Guided Buying policy, and Amazon's other sexual orientation-, race-, and/or sex-based policies, programs, practices, or promotions discussed above, based on the Plaintiff and the Class members' sexual orientation/LGBT status, race, and sex, Amazon has been violating California Civil Code section 51.5, which prohibits businesses from discriminating against, boycotting, blacklisting, and refusing to contract or trade based on the personal characteristics enumerated in Civil Code section 51.

79.     A substantial motivating reason for Amazon's conduct was the sexual orientation/LGBT status, race, and sex of Plaintiff and the Class.

80.     Amazon's denying Plaintiff and the Class access to and participation in Amazon's Seller Certification program and Guided Buying policy, and Amazon's other sexual orientation/LGBT status-, race-, and/or sex-based policies, programs, practices, or promotions based on the Plaintiff and the Class members' sexual orientation, race, and sex harmed and damaged Plaintiff and the Class.

81.     Pursuant to Civil Code section 52, Amazon is liable to Plaintiff and the members of the Class for the statutory damages mandated by Civil Code section 52 for each and every offense, and attorneys' fees that may be determined by the court in addition thereto.

82.     Pursuant to Civil Code section 52, public injunctive relief is necessary and appropriate to prevent Amazon from continuing and repeating its discriminatory actions as alleged above. Plaintiff is entitled to public injunctive relief on behalf of himself and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.     Public injunctive relief in the form of a preliminary and permanent injunction against Amazon and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

2.     Certify a class under Rule 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil procedure, appoint Plaintiff's counsel as Class Counsel, and appoint the named Plaintiff as the Class representative;

3.     For an order requiring Amazon's officers and employees to undergo diversity, inclusion, and equity training, specifically to recognize and acknowledge heterosexual White males as human beings who are entitled to the same equal treatment, diversity, inclusion, and equity to which all human beings are entitled.

4.     For statutory damages mandated by and pursuant to California Civil Code section 52 for each and every offense committed by Amazon against Plaintiff and each member of the Class for violating California Civil Code sections 51 and/or 51.5;

5.     Costs incurred herein, including reasonable attorneys' fees to the extent allowable by California Civil Code section 52 and California Code of Civil Procedure section 1021.5; and

6.     For such other and further legal and equitable relief as this Court may deem proper, appropriate, justified, or equitable.

Dated: October 28, 2021                    Respectfully Submitted

                                           */s/ Greg Adler*
                                           Greg Adler, California Bar No. 234142
                                           Greg Adler P.C.
                                           39899 Balentine Drive Suite 200
                                           Newark, CA 94560
                                           Phone: (844) 504-6587
                                           Fax: (469) 807-8878
                                           Email: greg@adler.law
                                           *Attorney for Plaintiff Jonathan Correll and the*
                                           *Proposed Class*



**EXHIBIT 1**





**Featured Brand: Bolden Beauty**
*El Paso, TX*

**Chinelo Chidozie & Ndidi Obidoa, Co-Founders**

The idea of Bolden was born over a family vacation in Key West, that worked for our skin tone. We started brainstorming and had decided to take a leap of faith. We coined the name Bolden from Black women centric brand. We want women to own their indivi comfortable in their beauty.

Shop now ›

**EXHIBIT 2**



**MEET THE BUSINESS OWNERS**


Woman-Owned


Innovators


Black-Owned

**EXHIBIT 3**



**EXHIBIT 4**



**EXHIBIT 5**





**EXHIBIT 6**



**EXHIBIT 7**

35



**EXHIBIT 8**



**EXHIBIT 8 (continued)**





**EXHIBIT 9**



**EXHIBIT 9 (continued)**

39





**EXHIBIT 10**



**EXHIBIT 10 (continued)**

41



**EXHIBIT 10 (continued)**

42





**EXHIBIT 10 (continued)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**EXHIBIT 11**