UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CORRELL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., and DOES 1-10,<br><br>Defendants. | Case No.: 3:21-cv-01833-BTM-MDD<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS**<br><br>**[ECF NO. 25]** |

    Defendant Amazon.com, Inc ("Amazon") has filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 25 ("Def.'s MTD").) In response, Plaintiff Jonathan Correll ("Correll") filed an opposition. (ECF No. 26 ("Pls.' Opp'n")). Defendant Amazon then filed a reply. (ECF No. 28 ("Def.'s Reply").) For the reasons discussed below, the Court **grants in part and denies in part** Defendant's Motion to Dismiss.

1

## I. BACKGROUND

Correll, on behalf of himself and a potential class, filed suit against Amazon alleging unequal treatment and discrimination in Amazon's Seller Certification program, Guided Buying policy, and other orientation-based incentive programs for retailers. (ECF No. 1 ("Complaint").) Amazon filed a Motion to Dismiss (ECF No. 13), which the Court granted under Federal Rule of Civil Procedure 12(b)(1) with leave to amend. (ECF No. 17 ("Order").) Correll filed an Amended Complaint alleging an additional claim for a Violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981) and additional facts. (ECF No. 20 ("FAC").)

Correll's Amended Complaint asks for declaratory and injunctive relief and damages under 42 U.S.C. § 1981 and California Civil Code Sections 51 and 51.5 ("Unruh Civil Rights Act"). (ECF No. 20.) The parties agree that Amazon has programs and policies in place to promote, encourage, and incentivize minority certified sellers ("Amazon's programs"). (ECF No. 20, 3–7, 13–15; ECF No. 25, 4–5.) The Amended Complaint alleges that through these programs, Amazon "direct[s] consumers away from Amazon's disfavored sellers…and towards Amazon's preferred and privileged sellers" based on the sellers' identity. (ECF No. 20, 2–3.) Correll pleads that he visited Amazon's website in the summer and fall of 2021 with the intent to use Amazon's sales services. (Id. at 17.) There, Correll encountered Amazon's programs which he asserts "denied and deprived heterosexual White males," among other groups, "the full and equal accommodations, advantages, facilities, privileges, or services based on their sexual orientation, race, and sex." (Id. at 18.) After viewing Amazon's programs, Correll did not open an Amazon Sellers account and did not sell any products on Amazon.com. (Id. at 21.)

//

## II.  STANDARD

Amazon moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim.  (ECF No. 25.)  For the reasons discussed below, the Court holds that it will not decide this factual challenge to standing on a motion to dismiss.  The Court then analyzes Correll's claims to determine whether they should be dismissed under Rule 12(b)(6).

**A.  Motion to Dismiss for lack of subject-matter jurisdiction under 12(b)(1)**

Amazon challenges the Amended Complaint, in part, on the ground that Correll lacks Article III standing.  (Id.)  Standing is an element of subject matter jurisdiction.  Accordingly, Amazon moves to dismiss Correll's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

A Rule 12(b)(1) jurisdictional attack may be facial or factual.  Fed. R. Civ. P. 12(b)(1).  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Generally, on a 12(b)(1) motion regarding subject matter jurisdiction, unlike a 12(b)(6) motion, a court need not defer to a plaintiff's factual allegations.  *Id*.  But the Supreme Court has held that where a 12(b)(1) motion to dismiss is based on lack of standing, the court must defer to the plaintiff's factual allegations and must "presume that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."  *Id.* at 560.  In short, a 12(b)(1) motion to dismiss for lack of standing can only succeed if the plaintiff has failed to make "general factual allegations of injury resulting from the defendant's conduct."  *Id.*

//

**B. Motion to Dismiss for failure to state a claim under 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*

## III. DISCUSSION

**A. Motion to Dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)**

### I. Article III Standing

Amazon first argues that Correll's Amended Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Correll lacks Article III standing.

Standing is a necessary element of federal court jurisdiction under Article III of the U.S. Constitution. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Accordingly, standing is a "threshold question in every federal case." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citing *Warth*, 422 U.S. at 498.). "The party invoking federal jurisdiction, not the district court, bears the burden of establishing Article III standing." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Standing requires that the plaintiff (1) suffered an injury in fact; (2) show the

1  defendant's causal connection to the injury; and (3) demonstrate that the injury would be
2  redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).
3  That is, a plaintiff must allege "such a personal stake in the outcome of the controversy as
4  to warrant his invocation of federal court jurisdiction and to justify exercise of the court's
5  remedial powers on his behalf." *Warth*, 422 U.S. at 498–99.  A plaintiff must have
6  suffered an 'injury in fact'— "'an invasion of a legally protected interest' that is
7  'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"
8  *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).  A "particularized" injury is
9  one that "affect[s] the plaintiff in a personal and individual way." *Id*.

10      Correll contends that because he viewed identity-based incentive programs on the
11  Amazon Seller site that he could not qualify for, he was subject to discrimination, and
12  accordingly suffered an injury in fact.  (ECF No. 20 at 17–18.)  Correll further contends
13  that he "had and continues to have the direct and specific intent to establish an Amazon
14  Professional Seller account and sell his products on Amazon.com," and he "was and
15  continues to be able and ready to sell his collectibles on Amazon.com" since the summer
16  and fall of 2021.  (Id. at 17, 21.)  However, upon noticing Amazon's programs, Correll
17  "knew his business would be at a competitive disadvantage" as a result of his identity.
18  (Id. at 21.)

19      The products Correll contends he intended to sell on Amazon.com are collectible
20  coins and comic books.  (Id. at 21.)  In response, Amazon argues Correll was never
21  "'able' to sell collectible coins and comics in Amazon's store, because both categories
22  have been closed to new sellers since well before the summer of 2021." (ECF No. 25,
23  11.)  As Correll did not apply to become a seller for either category while it was
24  accepting new sellers, Amazon argues, Correll cannot and could not have sold these
25  products regardless of Amazon's diversity programs.  (Id. at 11–12.)  Finally, Correll

responds by alleging Amazon.com currently has listings for numerous collectible coin products which appear to be in violation of Amazon's policies regarding sale of such products. (ECF No. 26, 11–13.) Correll therefore argues that "[t]here is at least some evidence that the rules and requirements Amazon declares to be in effect are either not in effect, or are not being enforced," and so "Plaintiff may very well have been able to sell his coins too." (Id.)

In order to allege a particularized injury here, Correll must plead facts showing that he was "able and ready" to sell products on Amazon.com. *Compare Carroll*, 342 F.3d at 947 (affirming dismissal on summary judgment for lack of standing where plaintiff "offers no evidence that he is 'able and ready' to compete for, or receive" the challenged benefit), *with White v. Square*, 891 F.3d 1174, 1175–77 (9th Cir. 2018) (holding plaintiff who "sought to use Square's services, but was unable to do so because of its discriminatory policy against bankruptcy attorneys" met constitutional standing requirements). Correll has added such allegations into his Amended Complaint. (ECF 20, 20–21.) However, the additional facts presented by Amazon in its Motion to Dismiss the Amended Complaint put standing into question. If Amazon's allegations that it has banned all new sellers in the only categories Correll intended to sell products in since before Correll's intent to sell on Amazon.com began, Correll could not possibly have been able to sell products on Amazon.com.

Because the Court cannot resolve these factual issues on a Motion to Dismiss, discovery is necessary to verify these allegations and determine whether Correll has standing. *See Safe Air for Everyone*, 373 F.3d at 1039–40. Accordingly, the Court **DENIES** Amazon's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss without prejudice. The parties are to conduct discovery only into the issue of standing by November 22, 2023. Amazon may raise this issue again on summary judgment after discovery is complete.

1  The Court will set aside a date for oral argument on a Motion for Summary Judgment on
2  December 21, 2023, at 1 pm.
3  **B. <u>Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)</u>**
4      **I.    Sufficiency of 42 U.S.C. § 1981 Claim**
5      Section 1981 provides that that "[a]ll persons within the jurisdiction of the United
6  States shall have the same right in every State and Territory to make and enforce
7  contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  Accordingly,
8  Section 1981 "offers relief" when "racial discrimination" either: (1) "impairs an existing
9  contractual relationship" or (2) "blocks the creation of a contractual relationship."
10 *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  A plaintiff asserting a
11 Section 1981 claim must plead that "but for the defendant's unlawful conduct," such an
12 injury "would not have occurred." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned*
13 *Media*, 140 S. Ct. 1009, 1014 (2020).  A plaintiff asserting a Section 1981 claim must
14 generally either "identify an impaired contractual relationship under which the plaintiff
15 has rights," *Astre v. McQuaid*, 804 F. App'x 665, 666 (9th Cir. 2020) (citing *Domino's*
16 *Pizza*, 546 U.S. at 476), or allege that they were "block[ed]" from entering into a new
17 contractual relationship on account of race. *Domino's Pizza*, 546 U.S. at 476.
18     To survive the motion to dismiss, Correll would need to plead either an existing or
19 future contract which Amazon impaired or blocked.  First, Correll does not have an
20 existing contract with Amazon or any Amazon customers as he never set up an Amazon
21 Sellers account.  Second, Correll could not have a future contract with Amazon or any
22 Amazon customers because he voluntarily stopped engaging Amazon to enter into a
23 contract when he stopped before making a seller account.  Additionally, depending on the
24 outcome of the discovery into the standing issue, there remains the question of whether
25 Correll would have been able to contract with Amazon or its customers depending on

whether he could sell any of his products on Amazon.com.

Next, the question of whether deterrence from contracting is sufficient under Section 1981 is an issue of first impression for the Ninth Circuit.  Several other circuits have held that a defendant must preclude the plaintiff from entering into a contract to establish a Section 1981 claim, whereas mere deterrence is insufficient.  *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358–59 (5th Cir. 2003) ("a § 1981 claim must allege that the plaintiff was '*actually prevented, and not merely deterred*,'" from entering into a contractual relationship on account of race) (emphasis in original) (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 752 (5th Cir. 2001)); *Alston v. Spiegel*, 988 F.3d 564, 572 (1st Cir. 2021) ("section 1981 affords relief when racial discrimination *precludes* a plaintiff from entering a contractual relationship") (emphasis added); *Green v. Dillard's, Inc.*, 483 F.3d 533, 539 (8th Cir. 2007) ("In order to prevail in their § 1981 case the Greens must also show actionable interference with their contractual interest. . . [such as by] a series of actions which a trier of fact could find as a whole *thwarted* their attempt to make and close a contract") (emphasis added).  This interpretation corresponds with the language used by the Supreme Court in describing Section 1981 liability: in *Runyon v. McCrary*, 427 U.S. 160, 172 (1976), where the Court "subjected defendants to liability under §1981 when, for racially motivated reasons, they *prevented* individuals who 'sought to enter into contractual relationships' from doing so." *Domino's Pizza.*, 546 U.S. at 476 (emphasis added and omitted).

According to Correll's pleadings, Amazon's programs did not preclude him from contracting with Amazon as a seller.  Rather, Correll did not desire to participate in a marketplace which provided some benefit programs only to minorities.  (ECF No. 20, 21.)  Correll argues this deterrence can be sufficient to support a claim under Section 1981, but the only caselaw he cites is not a Section 1981 case, but rather a case about

8

employment discrimination where the existence or formation of a contract is not at issue. (ECF No. 26, 15 (citing *Teamsters v. United States*, 431 U.S. 324, 365–366 (1977).) Here, assuming Correll was able to contract with Amazon, Amazon's programs did not preclude his entering into that contract—Correll's own actions did.

Correll has failed to plead an existing or future contract which Amazon impaired or blocked through racial discrimination. Accordingly, the Court **GRANTS** Amazon's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Section 1981 claim with leave to amend.

## II. Sufficiency of Claims under California Civil Code Sections 51 and 51.5 ("Unruh Civil Rights Act")

The Court should not decide questions of state law while standing is questionable. Accordingly, the Court **DENIES** Amazon's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the claims under California Civil Code Sections 51 and 51.5 without prejudice.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 claim under Fed. R. Civ. P. 12(b)(6) is **GRANTED.** Defendant's motions under Fed. R. Civ. P. 12(b)(1) and under Fed. R. Civ. P. 12(b)(6) regarding the claims under the Unruh Civil Rights Act are **DENIED** without prejudice. The parties will conduct discovery into the issue of standing until November 22, 2023, and Amazon may raise its challenge to standing again on a motion for summary judgment, for which the Court has set aside time for oral argument on December 21, 2023, at 1 pm. The Plaintiff

//
//
//
//
//

has leave to file an amended complaint as to the Section 1981 claim by November 1, 2023.  The parties shall cooperate in discovery.  Failure to cooperate will be sanctioned.

**IT IS SO ORDERED.**

Dated: September 18, 2023

_____
Hon. Barry Ted. Moskowitz
United States District Judge